IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

FILED

SEP 3 0 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

SCENIC CITY FITNESS INC.,           )
by and through CHARLES GARY BLANKENSHIP II, )
President and sole shareholder,     )
   Plaintiff,                  )
                           )
v.                                  )  Civil Action No. 1:25cv312
                             )
SUSO 4 HIXSON LP,                   )
a Canadian Limited Partnership,     )
   Defendant.                  )

COMPLAINT

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

2. Plaintiff is a corporation organized and existing under the laws of Tennessee with its principal office located in Hamilton County, Tennessee. Defendant SUSO 4 Hixson LP is a foreign limited partnership organized and existing under the laws of Canada.

3. Venue is proper in this District under 28 U.S.C. §1391 because the events giving rise to this action occurred in Hamilton County, Tennessee, located within the Eastern District of Tennessee, Chattanooga Division.

II. PARTIES

4. Plaintiff, Scenic City Fitness Inc., is a Tennessee corporation with its principal place of business at 8530 Hixson Pike, Suite 114, Hixson, TN 37343. Plaintiff operated a fitness facility at the Premises under the trade name Scenic City Fitness 24/7.

5. Defendant, SUSO 4 Hixson LP, is a Canadian limited partnership engaged in owning and operating commercial real estate, including the North Hixson Marketplace located at 8530 Hixson Pike, Lakesite, Tennessee.

## III. FACTS

6. Plaintiff entered into a written commercial lease agreement with Defendant for premises at 8530 Hixson Pike, Suites 110 & 114, Lakesite, Tennessee (the "Premises").

7. The Lease provides that Defendant may place 'To Let' or 'For Sale' signs only within three (3) months prior to the expiration of the term or during a renewal period. (Exhibit D)

8. Plaintiff transitioned operations from Snap Fitness Hixson to Scenic City Fitness 24/7 during the lease term. This rebranding required stability and customer confidence.

9. Instead of cooperating in good faith, Defendant began advertising the Premises as 'available' at the exact time of this transition, compounding business hardship.

10. Beginning no later than July 30, 2024, and continuing through at least August 25, 2025, Defendant, through its agent JLL, marketed the Premises as 'For Lease' on Crexi.com and other platforms, using photographs of the Premises, including close-up images of Plaintiff's storefront. (Exhibit B, Exhibit C)

11. Defendant also displayed 'For Rent' or 'Available' signage on the property pylon sign for more than a year, suggesting to the public that Plaintiff's business was closing or had vacated. (Exhibit A)

12. These advertisements and signs were placed well outside the three-month pre-expiration period and while Plaintiff was in possession and operating Scenic City Fitness 24/7.

13. Defendant failed to provide Plaintiff with a written notice of default or an opportunity to cure arrears as required by the Lease, and instead proceeded directly to eviction filings.

14. Customers, prospective members, and staff were misled by the advertising and signage, resulting in confusion, loss of goodwill, reduced membership sales, and difficulties hiring and retaining staff.

15. Defendant's conduct interfered with Plaintiff's contractual rights to quiet enjoyment and constituted unfair and deceptive practices under Tennessee law.

16. Benchmark Physical Therapy, another tenant in the center, maintained fitness equipment in its space, further causing confusion that Plaintiff's operations were being replaced or supplanted.

## IV. CAUSES OF ACTION

### COUNT I – BREACH OF LEASE (ADVERTISING CLAUSE)

17. Plaintiff realleges the foregoing paragraphs.

18. Defendant breached the Lease by advertising and marketing the Premises as 'For Lease' outside the permitted period.

## COUNT II – BREACH OF LEASE (QUIET ENJOYMENT)
19. Plaintiff realleges the foregoing paragraphs.
20. Defendant's premature advertising and signage deprived Plaintiff of quiet enjoyment of the Premises.

## COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
21. Plaintiff realleges the foregoing paragraphs.
22. Defendant's conduct in marketing the Premises as vacant, while Plaintiff was an active tenant, violated the implied covenant of good faith and fair dealing.

## COUNT IV – FAILURE TO PROVIDE NOTICE AND CURE
23. Plaintiff realleges the foregoing paragraphs.
24. Defendant breached the Lease by failing to provide written notice of default and an opportunity to cure before initiating eviction proceedings or advertising the Premises as vacant.

## COUNT V – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
25. Plaintiff realleges the foregoing paragraphs.
26. Defendant intentionally interfered with Plaintiff's relationships with prospective and existing customers and staff by misrepresenting the availability of the Premises.

## COUNT VI – VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
27. Plaintiff realleges the foregoing paragraphs.
28. Defendant engaged in deceptive and unfair practices by advertising an occupied premises as 'available,' in violation of Tenn. Code Ann. §47-18-101 et seq.

## COUNT VII – CONSTRUCTIVE EVICTION (ALTERNATIVE)
29. Plaintiff realleges the foregoing paragraphs.
30. Defendant's conduct was so substantial and unreasonable that it materially impaired Plaintiff's use of the Premises, constituting constructive eviction.

## COUNT VIII – DECLARATORY JUDGMENT
31. Plaintiff realleges the foregoing paragraphs.
32. Plaintiff seeks a declaration under 28 U.S.C. §2201 that Defendant has breached the Lease and that Plaintiff retains rights to quiet enjoyment and to conduct business without harassment.

## V. DAMAGES AND PRAYER FOR RELIEF

33. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in an amount to be proven at trial, but believed to exceed One Million Dollars ($1,000,000.00).

34. Plaintiff's damages include but are not limited to lost goodwill, loss of reputation, lost profits from membership cancellations and diminished recruitment, increased arrears caused by Defendant's actions, and business destabilization during the Snap Fitness to Scenic City Fitness transition.

35. Because such losses are incalculable in precise amount, Plaintiff seeks damages based on the Court's equitable assessment and statutory remedies.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a. Enter preliminary and permanent injunctions barring Defendant from advertising the Premises as available while occupied;

b. Enter declaratory judgment that Defendant has breached the Lease and that Plaintiff retains all rights thereunder;

c. Award compensatory damages in excess of $1,000,000;

d. Award treble damages under the Tennessee Consumer Protection Act;

e. Award punitive damages for Defendant's willful and malicious conduct;

f. Award pre-judgment and post-judgment interest;

g. Award attorneys' fees and costs;

h. Grant such other relief as the Court deems just and proper, including equitable relief to preserve Plaintiff's business operations.

Respectfully submitted,

Charles Gary Blankenship II
President, Scenic City Fitness Inc.
Plaintiff, Pro Se
8530 Hixson Pike, Suite 114
Hixson, TN 37343
Phone: 423-779-8887
Email: cgaryblankenship@gmail.com